IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 9, 2024

## AXIS DYNAMICS, INC. ET AL. v. SONJA HAWK ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 25820      William T. Ailor, Judge**

_____

**No. E2024-01805-COA-T10B-CV**
_____

The Petitioners seek accelerated interlocutory review of an order denying their motion to recuse. However, because the Petitioners' filings fail to comply with Tennessee Supreme Court Rule 10B, we dismiss the appeal.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Appeal Dismissed**

JEFFREY USMAN, J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and KENNY W. ARMSTRONG, JJ., joined.

Russ Egli and Van R. Irion, Knoxville, Tennessee, for the appellants, Wendy Whitman Rose and Axis Dynamics Inc.

Andrew Reece Brassler, Knoxville, Tennessee, for the appellees, First US Bank, Sonja Hawk, and Chris Hawk.

### OPINION

On December 3, 2024, Petitioners filed a "Notice of Appeal" under Tennessee Supreme Court Rule 10B. The substance of the filing is a statement that the Petitioners are filing the notice of appeal "regarding Judge William T. Ailor's Order entered November 18, 2024 refusing to recuse from the lower trial court several weeks after having heard the Appellants' Motion to Recuse him and already having been named party in a federal lawsuit pending before the United States District Court for the Eastern Section of Tennessee." The filing purports to "designate the entire record on appeal in

the matter herein." There is no further substantive content. Petitioners subsequently filed an identical notice on December 9, 2024.

To seek an accelerated appeal under Rule 10B, "a petition for recusal appeal" must be filed. Tenn. Sup. Ct. R. 10B § 2.02. Rule 10B requires that specific documents be included with the petition:

> The petition shall be accompanied by a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal.

Tenn. Sup. Ct. R. 10B § 2.03.

This court has observed that "the accelerated nature of these interlocutory appeals as of right requires meticulous compliance with the provisions of Rule 10B regarding the content of the record provided to this Court." *Adams v. Brittenum*, No. W2023-00800-COA-T10B-CV, 2023 WL 3861820, at *1 (Tenn. Ct. App. June 6, 2023) (quoting *Johnston v. Johnston*, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at *2 (Tenn. Ct. App. Feb. 20, 2015)). "In expedited interlocutory appeals under Rule 10B, the only record the appellate court generally has is the record provided by the appellant with his or her petition." *Rothberg v. Fridrich & Associates Ins. Agency, Inc.*, No. M2022-00795-COA-T10B-CV, 2022 WL 2188998, at *2 (Tenn. Ct. App. June 17, 2022) (quoting *Trigg v. Trigg*, No. E2016-00695-COA-T10B-CV, 2016 WL 1730211, at *2 (Tenn. Ct. App. Apr. 27, 2016)). Without meticulous compliance with the Rule, we cannot meet our obligation to decide the appeal "on an expedited basis." *Adams*, 2023 WL 3861820, at *1 (citing *Johnston*, 2015 WL 739606, at *2). Furthermore, without a copy of the trial court's order, we cannot review the trial court's decision, analyze its reasoning, or determine the timeliness of the appeal. *See Judzewitsch v. Judzewitsch*, No. E2022-00475-COA-T10B-CV, 2022 WL 1279790, at *2 (Tenn. Ct. App. Apr. 29, 2022) (finding that the failure to include a copy of the order prohibits this court from determining if the appeal was timely).

Here, it is impossible for this Court to review the trial court's judgment because the Petitioners have not included any record at all with their petition, contrary to the mandates of Tennessee Supreme Court Rule 10B. Accordingly, we dismiss the appeal for failure to comply with Rule 10B. *See Adams*, 2023 WL 3861820, at *2 (dismissing Rule 10B appeal because it was accompanied by none of the required documents); *Blevins v. Green*, No. E2023-00295-COA-T10B-CV, 2023 WL 2398256, at *2 (Tenn. Ct. App. Mar. 8, 2023) (dismissing appeal where "notice of accelerated appeal is not accompanied by any additional documents beyond the trial court's order and an envelope"); *Nisenbaum v. Nisenbaum*, No. M2021-01377-COA-T10B-CV, 2021 WL 5919114, at *1 (Tenn. Ct. App. Dec. 15, 2021) (dismissing appeal when petitioner "did

not supply any of the required documents with her petition").


           s/ Jeffrey Usman
           JEFFREY USMAN, JUDGE